SCOTT N. SCHOOLS (SC 9990)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

ANDREW P. CAPUTO (CSBN 203655)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7004
    FAX: (415) 436-7234
    Email: andrew.caputo@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FREDERICK LIM JOHNSON and<br>EDWARD SANG KANG,<br><br>    Defendant. | No. 3-07-70312 EDL (BZ)<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S PRE-DETENTION HEARING MEMORANDUM** |

    Defendants Frederick Lim Johnson and Edward Sang Kang are scheduled for detention hearings on June 7. In advance of these hearings, Kang has filed a lengthy memorandum objecting to the government proceeding by proffer at the detention hearing. Johnson has joined in Kang's memorandum without further written argument. Because the caselaw makes clear that all parties may proceed by proffer at a detention hearing, the United States opposes defendants' baseless effort to convert the detention hearings into full-blown evidentiary hearings.

DISCUSSION

I. The United States is Entitled to Proceed By Proffer at the Detention Hearing.

Defendants object to the government's use of proffers at the detention hearing. The governing statute and caselaw are directly to the contrary and make clear that the government may proceed by proffer at a detention hearing.

    A. The Bail Reform Act Provides for the Use of Proffers and Relaxes Evidentiary Requirements at Detention Hearings.

The Bail Reform Act provides that a defendant may, among other things, "present information by proffer or otherwise" at a detention hearing. 18 U.S.C. § 3142(f). The Act also greatly relaxes evidentiary requirements at detention hearings, providing that "[t]he rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." Id. Quoting a D.C. Circuit case, defendants note that while the Act explicitly allows a defendant to proceed by proffer at a detention hearing, "the Act is 'silent upon the question whether the Government may do so." Def. Memo. at 3 (quoting United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996)). But defendants fail to note the Smith court's response to this statutory silence. Not only did the D.C. Circuit hold in Smith that the government may present evidence by proffer at a detention hearing: it also noted that "[e]very circuit to have considered the matter ... has ... permitted the Government to proceed by proffer" at a detention hearing. Smith, 79 F.3d at 1210.

The Ninth Circuit is one of the circuits that has considered the matter. In United States v. Winsor, 785 F.2d 755, 756 (9th Cir. 1986), that court held squarely that "the government may proceed in a detention hearing by proffer or hearsay." The Ninth Circuit also held that "[t]he accused has no right to cross-examine adverse witnesses who have not been called to testify" at a detention hearing. Id. Thus, it is settled law in this circuit – and has been settled law for over 20 years – that the government may proceed by proffer and that a defendant has no right to cross-examine witnesses who do not testify at a detention hearing.

    B. The Fifth and Sixth Amendments Present No Bar to Proceeding by Proffer.

Defendants attempt to unsettle this settled law by arguing that the Fifth and Sixth

1  Amendments bar the use of proffers by the government at a detention hearing. Defendants' Fifth
2  Amendment argument is easily disposed of, since the Ninth Circuit in Winsor rejected Winsor's
3  argument "that due process requires a defendant in a pretrial detention hearing be afforded rights
4  of confrontation and cross-examination." Id. In other words, the Ninth Circuit has long
5  established that there is no general Fifth Amendment right to cross-examine witnesses or to bar
6  the government from proceeding by proffer at a detention hearing.[1]  Moreover, defendants have
7  failed to present any adequate, specific-to-this-case factual basis for mandating that government
8  witnesses testify and be cross-examined at the detention hearing in this specific case.
9         Defendants' argument under the Sixth Amendment has no more merit than their argument
10 under the Fifth. Defendants claim that under Crawford v. Washington, 541 U.S. 36 (2004), the
11 Sixth Amendment's Confrontation Clause bars the use of proffers and hearsay evidence at a
12 detention hearing. But magistrate judges of this court have repeatedly rejected this very same
13 argument. Judge Laporte and Judge Chen both held last year that there is no Sixth Amendment
14 right to cross-examine witnesses at a detention hearing, since detention proceedings are
15 regulatory rather than penal. United States v. Henderson, No. CR 05-0609 JSW (May 31, 2006)
16 (attached as Exhibit A); United States v. Wade, No. CR 06-0287 MHP (July 19, 2006) (attached
17 as Exhibit B). See also United States v. Salerno, 481 U.S. 739, 746 (1987) ("pretrial detention
18 under the Bail Reform Act is regulatory, not penal"). As such, the right to confrontation does not
19 apply. See Pennsylvania v. Ritchie, 480 U.S. 39, 52 (1987) (Sixth Amendment's "right to

---

[1] United States v. Hall, 419 F.3d 980 (9th Cir. 2005), and United States v. Comito, 177 F.3d 1116 (9th Cir. 1999), on which defendants rely, are not relevant here because they do not address pretrial detention hearings and instead deal with supervised release revocation hearings. The distinction is important, since (as we describe below) detention hearings are purely regulatory proceedings. Supervised revocation hearings are not and instead have a penal nature. Even if Hall and Comito were relevant here, they would conflict directly with Winsor's square holding that the government is entitled to proceed by proffer and hearsay at a detention hearing. To the extent defendants seek to have Winsor overruled based on Hall, Comito, or any other case, that is a request properly addressed to the Ninth Circuit, not this Court.

UNITED STATES' RESPONSE TO PRE-DETENTION HEARING MEMORANDUM    3
3-07-70312 EDL (BZ)

confrontation is a <u>trial</u> right") (emphasis in original);[2] <u>United States v. Littlesun</u>, 444 F.3d 1196, 1199 (9th Cir. 2006) ("<u>Crawford</u> speaks to <u>trial</u> testimony") (emphasis added).[3]  The D.C. Circuit has specifically rejected the argument that permitting the government to proceed by proffer at a detention hearing violates a defendant's "right under the Sixth Amendment to confront his accusers." <u>Smith</u>, 79 F.3d at 1210.  The Ninth Circuit's decision in <u>Winsor</u> also undercuts defendants' Sixth Amendment argument.  While the <u>Winsor</u> court did not reference the Sixth Amendment directly, apparently because the defendant there failed to argue under the Sixth Amendment, the Ninth Circuit did reject Winsor's arguments that allowing the government to proceed in a detention hearing by proffer or hearsay violated his "rights of confrontation and cross-examination." <u>Winsor</u>, 785 F.2d at 756.

      C.      <u>The Court Should Not Order Production of Witnesses as a Matter of Discretion.</u>

Finally, defendants argue that even if the government generally is permitted to offer evidence by proffer at a detention hearing, the Court nevertheless should exercise discretion to require the United States to produce witnesses at the detention hearing here.  Def. Memo. at 16. Defendants offer no specific basis for why this Court should take this extraordinary step of ordering a full-blown evidentiary hearing, other than to note that "this is a serious case ... ." <u>Id.</u> In other words, without presenting any specific factual basis defendants ask this Court to override the rule established by the Ninth Circuit in <u>Winsor</u> that "the government may proceed in a detention hearing by proffer or hearsay." <u>Winsor</u>, 785 F.2d at 756.  There is no basis for such an action.

---

[2] Defendants attempt to distinguish <u>Ritchie</u> by arguing that <u>Ritchie</u> "did not address the question of whether the defendant has a right to cross-examine adverse witnesses in pretrial hearings." Def. Memo. at 6 n.2.  But the same is true for <u>Crawford</u>, the case on which defendants seek to rely.

[3] There are at least two problems with defendants' efforts to rely on <u>United States v. Abuhamra</u>, 389 F.3d 309 (2d Cir. 2004), for their Sixth Amendment arguments.  First, <u>Abuhamra</u> addresses the Sixth Amendment's right to public trial, not its right to confrontation.  Second, the <u>Abuhamra</u> court noted that "the presentation of evidence at bail hearings may be more informal than at probable cause and suppression hearings" and made no suggestion that there is an constitutional problem with that "informal" presentation of evidence. <u>Id.</u> at 323-24.

CONCLUSION

For the foregoing reasons, the United States respectfully asks the Court to follow the Ninth Circuit's decision in <u>Winsor</u> and permit the government to proceed by proffer at the detention hearing.

DATED: June 5, 2007

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

_____/s/_____
ANDREW P. CAPUTO
Assistant United States Attorney